IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

ANDREW VASIL,
and all others similarly situated,

Plaintiffs,

v.

C.A. No.: 1:19-cv-540
**COLLECTIVE ACTION**

325 THIRNICBAR, LLC,
406 BARMOOSE, LLC,
409 BARTOULOUSE, LLC,
407 BAR, INC.,
TWIN BAR MANAGEMENT CORPORATION,
DAVID DESILVA, JOHN MCIVER AND MIKE MCIVER
Defendants.
_____________________________________/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, ANDREW VASIL (hereinafter sometimes referred to as "Plaintiff"), and others similarly situated, by and through his undersigned counsel, sue Defendants, 325 THIRNICBAR, LLC, 406 BARMOOSE, LLC, 409 BARTOULOUSE, LLC, 407 BAR, INC., TWIN BAR MANAGEMENT CORPORATION, DAVID DESILVA, JOHN MCIVER, and MIKE MICIVER (hereinafter sometimes collectively referred to as "Defendants"), and in support thereof state as follows:

**SUMMARY**

1. Defendants are an enterprise consisting of four bars, Thirsty Nickel, Toulouse, The Library and Mooseknucke Pub, on 6th Street in Austin, Texas. The

Defendants failed to pay Andrew Vasil and other bartenders the legal minimum wage as required by the Fair Labor Standards Act (FLSA) 29 U.S.C. §201 *et seq*. Defendants also failed to pay appropriate overtime wages to Vasil and other hourly employees pursuant to the FLSA. Defendants' violations include (1) requiring employees to work off the clock, (2) paying straight time for hours worked in excess of 40 in a week, (3) retaining portions of employee tips; and (4) requiring tipped employees to perform non-tipped work or side work in excess of Department of Labor regulations.

## INTRODUCTION

1. This is a collective action by Plaintiff and others similarly situated against his employers for unpaid wages pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. § 201, *et seq*. Plaintiff seeks damages for unpaid overtime, unpaid minimum wages, liquidated damages, and a reasonable attorney's fee and costs.

## JURISDICTION

2. This claim is properly before this Court pursuant to 28 U.S.C. § 1331, as this claim arises under federal law, and by the private right of action conferred in 29 U.S.C. § 216(b).

## VENUE

3. Venue is proper in this district under 28 U.S.C. § 1391(b)(1) because

Defendants have offices Travis County, Texas.

**THE PARTIES**

4. Defendants MICHAEL MCIVER, JOHN MCIVER, and DAVID DESILVA own and operate the corporate defendants.

5. Defendants MICHAEL MCIVER, JOHN MCIVER, and DAVID DESILVA are residents of Travis County, Texas.

6. Defendant 325 THIRNICBAR, LLC is a limited liability company formed and existing under the laws of the State of Texas and maintains its main office in Travis County, Texas.

7. Defendant 406 BARMOOSE, LLC is a limited liability company formed and existing under the laws of the State of Texas and maintains its main office in Travis County, Texas.

8. Defendant 409 BARTOULOUSE, LLC is a limited liability company formed and existing under the laws of the State of Texas and maintains its main office in Travis County, Texas.

9. Defendant 407 BAR, INC is a corporation formed and existing under the laws of the State of Texas and maintains its main office in Travis County, Texas.

10. Defendant TWIN BAR MANAGEMENT CORPORATION is a corporation formed and existing under the laws of the State of Delaware and maintains its main office in Travis County, Texas.

11. The corporate defendants and the individual defendants are joint employers of the class members as defined under 29 CFR §791.2. The Defendants shared employees and management as well as operating procedures, and administrative and operating expenses on a regular basis.

12. VASIL is an individual residing in Williamson County, Texas.

13. Plaintiff, ANDREW VASIL, was employed by Defendants from February of 2010 to approximately January 1, 2018.

14. Defendants employed Plaintiff as a bartender, and later, as a manager. While working as a bartender, Defendants took a tip credit and paid Plaintiff and all other tipped employees $2.13 per hour.

15. During his work as a bartender, Defendants required Plaintiff and all other tipped employees to participate in a tip pool. Defendants' maintained a practice of requiring employees to share their tips from the tip pool with management.

16. During his work as a bartender, Defendants required Plaintiff and all other tipped employees to spend more than 20% of their working time doing side work, such as washing glasses and cleaning the properties.

17. During his work as a bartender, Defendants required Plaintiff and all other bar workers to work off the clock each shift resulting in unpaid overtime and unpaid minimum wages.

18. During his work as a bartender, Defendants required Plaintiff and all other bar workers to work on their days off cleaning the properties off the clock and without compensation.

19. During his work as a bartender, Defendants required Plaintiff and all other bartenders to participate in training off the clock and without compensation.

20. Defendants, jointly and severally, have employees subject to the provisions of 29 U.S.C. § 206 in the facilities where Plaintiff and the class members were employed.

21. At all times material to this complaint, Defendants, jointly and severally, employed two or more employees and had an annual dollar volume of sales or business done of at least $500,000.00.

22. At all times material to this complaint, Defendants, jointly and severally, were an enterprise engaged in interstate commerce, operating a business engaged in commerce or in the production of goods for commerce as defined by § 3(r) and 3(s) of the Act, 29 U.S.C. §§ 203(r)-(s).

23. At all times material to this Complaint, Defendants were the employer of the Plaintiff and others similarly situated employees and, as a matter of economic reality, Plaintiff and the class members were dependent upon Defendants for their employment.

24. Plaintiff and others similarly situated were individually engaged in commerce and produced goods for commerce and their work was directly and vitally related to the functioning of Defendants' business activities.

**COUNT I**
**VIOLATION OF THE OVERTIME PROVISIONS OF THE FAIR LABOR STANDARDS ACT**

25. Plaintiff re-alleges and incorporates herein the allegations contained in Paragraphs 1 through 24.

26. Plaintiff and all others similarly situated, 1) occupied positions as bartenders, bar backs, and front door workers; 2) did not hold positions considered as exempt under the FLSA; 3) were paid on an hourly basis; and 4) did not receive overtime pay for all hours worked over 40 in a week.

27. When the Defendants did pay for hours worked in excess of 40 in a week, Defendants only paid the employee's regular hourly rate and did not pay the half-time premium.

28. Throughout the employment of Plaintiff and others similarly situated, Defendants repeatedly and willfully violated Sections 7 and 15 of the Fair Labor Standards Act by failing to compensate Plaintiff at a rate not less than one and one-half times regular rate of pay for each hour worked in excess of 40 in a workweek.

29. Pending any modifications necessitated by discovery, Plaintiff preliminarily defines this Class as follows:

ALL CURRENT OR FORMER EMPLOYEES OF 325 THIRNICBAR, LLC, 406 BARMOOSE, LLC, 409 BARTOULOUSE, LLC, 407 BAR, INC.OR TWIN BAR MANAGEMENT CORPORATION WHO WORKED AS BAR BACKS, BARTENDERS OR FRONT DOOR WORKERS.

30. This action is properly brought as a collective action for the following reasons:

a. The Class is so numerous that joinder of all Class Members is impracticable.

b. Numerous questions of law and fact regarding the liability of Defendants are common to the Class and predominate over any individual issues which may exist.

c. The claims asserted by Plaintiff are typical of the claims of Class Members and the Class is readily ascertainable from Defendants' own records. A class action is superior to other available methods for the fair and efficient adjudication of this controversy.

d. Plaintiff will fairly and adequately protect the interests of Class Members. The interests of Class Members are coincident with, and not antagonistic to, those of Plaintiff. Furthermore, Plaintiff is represented by experienced class action counsel.

e. The prosecution of separate actions by individual Class Members would create a risk of inconsistent or varying adjudications with respect to individual Class Members which would establish incompatible standards of conduct for Defendants.

f. The prosecution of separate actions by individual Class Members would create a risk of adjudications with respect to individual Class Members which would, as a practical matter, be dispositive of the interests of the other Class Members not parties to the adjudications or substantially impair or impede their ability to protect their interests.

g. Defendants acted on grounds generally applicable to the Class, thereby making appropriate final injunctive relief with respect to the Class as a whole.

31. For the foregoing reasons, Plaintiff seeks certification of an FLSA "opt-in" collective action pursuant to 29 U.S.C. §216(b) for all overtime claims asserted by Plaintiff because his claims are nearly identical to those of other Class Members. Plaintiff and Class Members are similarly situated, have substantially similar or identical job requirements and pay provisions, and are subject to Defendants' common practice, policy or plan regarding employee wages and hours.

32. In addition to the named Plaintiff, numerous employees and former employees of Defendants are similarly situated to Plaintiff in that they have been denied overtime compensation while employed by Defendants.

33. Plaintiff is representative of these other employees and is acting on behalf of their interests as well as Plaintiff's own interests in bringing this action.

34. Defendants either knew about or showed reckless disregard for the matter of whether their conduct was prohibited by the FLSA and failed to act diligently with regard to their obligations as employers under the FLSA.

35. Defendants failed to act reasonably to comply with the FLSA, and so Plaintiff, and all others similarly situated, are entitled to an award of liquidated damages in an equal amount as the amount of unpaid overtime pay pursuant to 29 U.S.C. § 216(b).

36. As a result of Defendants' unlawful conduct, Plaintiff and all others similarly situated are entitled to actual and compensatory damages, including the

amount of overtime which was not paid that should have been paid.

37. Plaintiff and all others similarly situated are entitled to an award of reasonable and necessary attorneys' fees, costs, expert fees, mediator fees and out-of-pocket expenses incurred by bringing this action pursuant to 29 U.S.C. § 216(b) and Rule 54(d) of the Federal Rules of Civil Procedure.

WHEREFORE, Plaintiff, ANDREW VASIL, and all others similarly situated, demand Judgment against Defendants, jointly and severally, for the following:

a. Determining that the action is properly maintained as a class and/or collective action, certifying Plaintiff as the class representative, and appointing Plaintiff's counsel as counsel for Class Members;

b. Ordering prompt notice of this litigation to all potential Class Members;

c. Awarding Plaintiff and Class Members declaratory and/or injunctive relief as permitted by law or equity;

d. Awarding Plaintiff and Class Members their compensatory damages, service awards, attorneys' fees and litigation expenses as provided by law;

e. Awarding Plaintiff and Class Members their pre-judgment, moratory interest as provided by law, should liquidated damages not be awarded;

f. Awarding Plaintiff and Class Members liquidated damages and/or statutory penalties as provided by law;

g. Awarding Plaintiff and Class Members such other and further relief as the Court deems just and proper.

**COUNT TWO**
**VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FAIR LABOR STANDARDS ACT**

38. Plaintiff realleges and incorporates herein the allegegations contained in Paragraphs 1 through 24.

39. Plaintiff and others similarly situated, 1) occupied positions as bartenders; 2) did not hold positions considered as exempt under the FLSA; 3) were paid on an hourly basis; and 4) did not receive the federal minimum wage for all hours worked.

40. Defendants paid Plaintiff and others similarly situated $2.13 per hour despite that fact that Plaintiff and all other bartenders were required to share their tips with management and were required to spend more than 20% of their time doing side work and cleaning.

41. Throughout the employment of Plaintiff and others similarly situated, Defendants repeatedly and willfully violated Sections 6 and 15 of the Fair Labor Standards Act by compensating Plaintiff at a rate less than the federal minimum wage.

42. Pending any modifications necessitated by discovery, Plaintiff preliminarily defines this Class as follows:

ALL CURRENT OR FORMER EMPLOYEES OF 325 THIRNICBAR, LLC, 406 BARMOOSE, LLC, 409 BARTOULOUSE, LLC, 407 BAR, INC.OR TWIN BAR MANAGEMENT CORPORATION WHO WORKED AS BARTENDERS AND WERE PAID $2.13 PER HOUR.

43. This action is properly brought as a collective action for the following reasons:

b. The Class is so numerous that joinder of all Class Members is impracticable.

b. Numerous questions of law and fact regarding the liability of Defendants, are common to the Class and predominate over any individual issues which may exist.

c. The claims asserted by Plaintiff are typical of the claims of Class Members and the Class is readily ascertainable from Defendants' own records. A class action is superior to other available methods for the fair and efficient adjudication of this controversy.

d. Plaintiff will fairly and adequately protect the interests of Class Members. The interests of Class Members are coincident with, and not antagonistic to, those of Plaintiff. Furthermore, Plaintiff is represented by experienced class action counsel.

e. The prosecution of separate actions by individual Class Members would create a risk of inconsistent or varying adjudications with respect to individual Class Members which would establish incompatible standards of conduct for Defendants.

f. The prosecution of separate actions by individual Class Members would create a risk of adjudications with respect to individual Class Members which would, as a practical matter, be dispositive of the interests of the other Class Members not parties to the adjudications or substantially impair or impede their ability to protect their interests.

g. Defendants acted on grounds generally applicable to the Class, thereby making appropriate final injunctive relief with respect to the Class as a whole.

44. For the foregoing reasons, Plaintiff seeks certification of an FLSA "opt-in" collective action pursuant to 29 U.S.C. §216(b) for all claims asserted by Plaintiff

because his claims are nearly identical to those of other Class Members. Plaintiff and Class Members are similarly situated, have substantially similar or identical job requirements and pay provisions, and are subject to Defendants' common practice, policy or plan regarding employee wages and hours.

45. In addition to the named Plaintiff, numerous employees and former employees of Defendants are similarly situated to Plaintiff in that they have been denied minimum wage compensation while employed by Defendants.

46. Defendants' policy of not properly paying the minimum wage to bartenders is company-wide and bartenders employed by Defendants during the three years prior to the filing of this action have been deprived of minimum wage similarly to the Plaintiff.

47. Plaintiff is representative of these other employees and is acting on behalf of their interests as well as Plaintiff's own interests in bringing this action.

48. Defendants either knew about or showed reckless disregard for the matter of whether their conduct was prohibited by the FLSA and failed to act diligently with regard to their obligations as employers under the FLSA.

49. Defendants failed to act reasonably to comply with the FLSA, and so Plaintiff, and all others similarly situated, are entitled to an award of liquidated damages in an equal amount as the amount of unpaid minimum wage pay pursuant to 29 U.S.C. § 216(b).

50. The acts described in the above paragraphs violate the Fair Labor Standards Act, which requires Plaintiff and all other bartenders be paid the minimum wage.

51. As a result of Defendants' unlawful conduct, Plaintiff and all others similarly situated are entitled to actual and compensatory damages, including the amount of overtime which was not paid that should have been paid.

52. Plaintiff and all others similarly situated are entitled to an award of reasonable and necessary attorneys' fees, costs, expert fees, mediator fees and out-of-pocket expenses incurred by bringing this action pursuant to 29 U.S.C. § 216(b) and Rule 54(d) of the Federal Rules of Civil Procedure.

WHEREFORE, Plaintiff, ANDREW VASIL, and all others similarly situated, demand Judgment against Defendants, jointly and severally, for the following:

h. Determining that the action is properly maintained as a class and/or collective action, certifying Plaintiff as the class representative, and appointing Plaintiff's counsel as counsel for Class Members;

i. Ordering prompt notice of this litigation to all potential Class Members;

j. Awarding Plaintiff and Class Members declaratory and/or injunctive relief as permitted by law or equity;

k. Awarding Plaintiff and Class Members their compensatory damages, service awards, attorneys' fees and litigation expenses as provided by law;

l. Awarding Plaintiff and Class Members their pre-judgment, moratory interest as provided by law, should liquidated damages not be awarded;

m. Awarding Plaintiff and Class Members liquidated damages and/or statutory penalties as provided by law;

n. Awarding Plaintiff and Class Members such other and further relief as the Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiff, ANDREW VASIL, and others similarly situated, demands a jury trial on all issues so triable.

Respectfully submitted this May 21, 2019.

**ROSS • SCALISE LAW GROUP**
1104 San Antonio Street
Austin, Texas 78701
(512) 474-7677 Telephone
(512) 474-5306 Facsimile
Charles@rosslawpc.com

______________________________
**CHARLES L. SCALISE**
Texas Bar No. 24064621
**DANIEL B. ROSS**
Texas Bar No. 789810
**ATTORNEYS FOR PLAINTIFF**