IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

ANDREW VASIL,
and all others similarly situated,

       Plaintiffs,

v.

325 THIRNICBAR, LLC,
406 BARMOOSE, LLC,
409 BARTOULOUSE, LLC,
407 BAR, INC.,
TWIN BAR MANAGEMENT CORPORATION,
DAVID DESILVA, JOHN MCIVER AND MIKE MCIVER,

       Defendants.

_____/

C.A. No.: 1:19-cv-540-LY
**COLLECTIVE ACTION**

### JOINT MOTION FOR APPROVAL OF SETTLEMENT

Plaintiff ANDREW VASIL ("Plaintiff"), and Defendants, 325 THIRNICBAR, LLC,

406 BARMOOSE, LLC, 409 BARTOULOUSE, LLC, 407 BAR, INC., TWIN BAR

MANAGEMENT CORPORATION, DAVID DESILVA, JOHN MCIVER AND MIKE MCIVER

("Defendants") (collectively, "the Parties"), by and through their undersigned counsel, hereby

move this Court to approve the terms of the Parties' settlement.

The Parties have agreed to the settlement of this *bona fide* dispute under the Fair Labor

Standards Act ("FLSA") after informal discovery and following arm's-length negotiations

between experienced counsel over the course of almost two years. The Parties submit that the

terms of the Settlement Agreement are fair, reasonable, and adequate, particularly in light of the

existence of disputed issues of fact, disputed issues of law with respect to liability and damages,

uncertainty as to whether the Plaintiff and Class Members would obtain a judgment in their favor,

the expected duration of litigation, the risk of possible appeals, and collectability of any judgment obtained..

## I.    <u>PROCEDURAL BACKGROUND</u>

Plaintiff filed this action against Defendants alleging violations of the FLSA on behalf of himself and all others similarly situated.  (Doc. 1, 6).  In his Amended Complaint, Plaintiff alleged that the Defendants failed to pay Plaintiff and other bartenders the legal minimum wage as required by the Fair Labor Standards Act (FLSA) 29 U.S.C. §201 *et seq.,* and failed to pay appropriate overtime wages to Plaintiff and other hourly employees by (1) requiring employees to work off the clock, (2) paying straight time for hours worked in excess of 40 in a week, (3) retaining portions of employee tips; and (4) requiring tipped employees to perform non-tipped work or side work  in excess of Department of Labor regulations.  (Doc 6, ¶ 1).  Plaintiff contends that he and other similarly-situated individuals, 39 in all, are entitled to the application of a three-year statute of limitations to their back pay damages and liquidated damages in an amount equal to their claimed back pay, in addition to attorneys' fees and costs.  Defendants contest Plaintiff's claims, contest that Plaintiff and any similarly-situated individuals would be entitled to longer than a two-year limitations period, and contest that Plaintiff would be entitled to liquidated damages in any amount. The individual defendants contest that they  were the Plaintiff's employer as defined by the FLSA and contest any liability to the Plaintiff.

The Parties have reached a settlement and now seek Court approval of that settlement. *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982). In the "context of suits brought directly by employees against their employer … to recover back wages for FLSA violations," the district court "may enter a stipulated judgment after scrutinizing the settlement for fairness." *Id.* at 1353.

## II.    THE SETTLEMENT TERMS

The agreed-to settlement amount is described in the Settlement Agreement is inclusive of settlement payments, attorneys' fees and costs, and a service award to Plaintiff ("Total Settlement Amount"). The Total Settlement Amount was within the range of possible damages calculated by the parties for a three-year period. These calculations were based on available time and pay records, as well as personal recollections of class members as to dates of employment, hours worked, and pay received.

The Parties have agreed to attorneys' fees in the amount as described in the settlement agreement. The parties also agree to the payment of expenses and a modest service fee to the lead plaintiff, Andrew Vasil. The amount that Plaintiff and each Class Member will receive his or hers pro rata share of the settlement less attorney's fees, expenses, and the service fee. The pro rata share was determined by calculating each opt-ins potential claim and dividing it by the sum of all potential claims of the opt-ins. Plaintiff and Class Members will execute a release of all wage and hour claims asserted, or which could have been asserted, in this action.

## III.    ARGUMENT

In approving a settlement, a district court must conclude that it is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Lynn's Food Stores*, 679 F.2d at 1355. The Parties have reached a settlement agreement as to a *bona fide* dispute regarding Plaintiff's claims and alleged damages. The settlement fairly and reasonably resolves the Parties' disputed claims and defenses and was negotiated at arms-length between experienced counsel for both Parties. As such, the Court should enter an order approving the settlement.

### A.    The Proposed Settlement Is the Product of a *Bona Fide* Dispute.

The settlement reached by the Parties was achieved as the result of contested litigation to resolve *bona fide* disputes concerning the entitlement of Plaintiff and Class members to alleged unpaid minimum wages, overtime and liquidated damages under the FLSA, and concerning the applicable limitations period for any such damages.  The Parties utilized the services of a Certified Mediator to assist them in reaching their settlement.  Plaintiff also recognized that each of the corporate Defendants have closed and are no longer operating; that amongst the individual Defendants, only one appears to have sufficient assets from which they could possibly recover; and, the prospect that Plaintiff may not be able to overcome proof that that Defendant, DAVID DESILVA, was not Plaintiff's employer as defined under the FLSA.  Defendants would be faced with defending their compensation practices and proving good faith defenses to the imposition of liquidated damages.

Many of the discussions between counsel for the Parties focused on threshold liability issues of the Parties' ability to prove the claims and defenses in the case.  The far greatest element of Plaintiff's Counsel engaged in voluntary discovery in furtherance of settlement, which they used to support their respective legal arguments. The Parties did, and still do, vehemently disagree on each of these issues.

The Parties have determined, however, that continued litigation would be protracted, expensive, uncertain, and contrary to their best interests. In light of these realities, the Parties believe that the Settlement Agreement is the best way to resolve the disputes between and among them.  If a settlement in an employee FLSA suit reflects a reasonable compromise over issues, such as FLSA coverage or computation of damages that are actually in dispute, the court may approve the settlement "in order to promote the policy of encouraging settlement of litigation."

*Lynn's Food Stores, Inc.*, 679 F.2d at 1354. Here, there are *bona fide* disputes addressed by the Parties' compromise.

**B.     The Settlement Is Fair and Reasonable.**

Where a *bona fide* dispute exists, the Fifth Circuit propounds six factors for evaluating whether settlement proposals are fair and reasonable: (1) whether the settlement was a product of fraud or collusion; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the factual and legal obstacles [to] prevailing on the merits; (5) the possible range of recovery and the certainty of damages; and (6) the respective opinions of the participants, including class counsel, class representative, and the absent class members. *Parker v. Anderson*, 667 F.2d 1204, 1209 (5th Cir. 1982). The settlement is a fair and reasonable resolution of the disputed claims in light of all of those factors.

First, counsel for the Parties engaged in significant arms-length negotiations over the course of almost two years before reaching the agreement memorialized in the Settlement Agreement. Counsel for the Parties are experienced in complex class and collective action litigation and have represented clients in numerous wage and hour class and collective actions. They carefully assessed Defendants' pay data as well as the applicable legal arguments in evaluating the relative strengths and weaknesses in both sides' positions.

Second, the complexity, expense, and likely duration of the litigation should a settlement not have been reached weighs heavily in favor of finding that this settlement is fair and reasonable. If the lawsuit had not settled, the Parties would have spent significant time and resources completing written and deposition discovery, including depositions of witnesses. Absent this settlement, the Parties would have spent significant time preparing and briefing their respective arguments in motions for summary judgment. After the resolution of these issues, the Parties may have faced the prospect of a federal trial as well as appeals and post-trial motions. Rather than take

this path, the Parties directed their efforts toward an early, informed, fair and efficient resolution of Plaintiff's claims. The settlement eliminates the inherent risks both sides would bear if the lawsuit were to continue. Under these circumstances, the settlement is fair and reasonable, and should be approved.

Third, the Parties engaged in informal discovery as part of their negotiations, and were able to fully evaluate the potential liability as well as the wide range of potential damages applicable in this case. Thus, counsel for all Parties were thoroughly familiar with the facts and legal issues when settlement was reached. Plaintiff's counsel has the experience to assess the risks of continued litigation and benefits of settlement and has done so in this action. Defense counsel is likewise experienced in the risks associated with defending similar claims.

As to the fourth and fifth factors, there were factual and legal obstacles for both sides in continued litigation. The most significant component of damages in this case was the claim involving Defendants' use of the tip credit. Whether Plaintiff could prevail on this issue was questionable. Without prevailing on this issue, Plaintiff would have been relegated to an overtime claim only which would have reduced Defendants' possible exposure by more than 75%. The other significant issue Plaintiff faced was collectability on any judgment obtained. The corporate defendants are no longer operating and are judgment proof. Plaintiff was also facing an uphill battle establishing individual liability on one or more of the individual defendants. Thus, Plaintiff had substantial and justified concerns about collectability.

From the Defendants' side, Plaintiff would have likely proven some violations, perhaps minor, of the FLSA. However, even if Plaintiff established lesser violations in this case, Defendants' exposure to liquidated damages, attorney's fees and costs merited settlement for the amount the parties reached. The settlement takes these risks and uncertainty into account.

Sixth, after almost two years of analysis and negotiation, experienced counsel on both sides of the matter deemed the settlement fair and reasonable. Counsel for both Parties have advised their respective clients regarding the settlement, and such clients have recommended judicial approval. The Court should afford those recommendations significant weight. *See Lynn's Food Stores*, 679 F.2d at 1354 (recognizing that courts rely on the adversary nature of a litigated FLSA case resulting in settlement as an indication of fairness).

Moreover, there is no risk of the claims of "absent" class members being subject to resolution on unfavorable terms in this case. This FLSA case is a collective action, in which the joinder mechanism under § 216(b) requires participants to affirmatively join the litigation and become a "party plaintiff." *Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 75 (2013); 29 U.S.C. § 216(b); *accord Campbell v. City of Los Angeles*, Nos. 15-56880 & 16-55002, 2018 WL 4354379 (9th Cir. Sept. 13, 2018) ("The FLSA leaves no doubt that 'every plaintiff who opts in to a collective action has party status.' (citing *Halle v. W. Penn Allegheny Health Sys Inc.*, 842 F.3d 215, 225 (3d Cir. 2016)). The only individuals who will be bound by the settlement and whose claims will be compromised are those Class Member who filed a Consent to Join form with this Court.

Finally – and most importantly, the amount of the settlement is reasonable in relation to the potential recovery. Damage models used by both sides find that the settlement amount is in the middle of the range of damages. The individual allocations from the Total Settlement Amount are based on each Class Member's employment tenure, individual overtime hours worked, and individual rates of pay. Thus, the Total Settlement Amount and the allocation to each Class Member comprise a fair and reasonable resolution to Plaintiff and the participating Class Members' claims.

**C.      Plaintiff's Counsel's Requested Attorneys' Fees and Costs Are Reasonable and Should Be Fully Awarded.**

In connection with this motion, Plaintiff respectfully moves this Court for an order approving as reasonable the Parties' agreement for attorneys' fees and costs. A Plaintiff who favorably settles their cases is entitled to reasonable attorneys' fees and costs under the FLSA. *See* 29 U.S.C. § 216(b) (the court "*shall*, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of action") (emphasis added). The purpose of the fee provision in § 216(b) is "to insure effective access to the judicial process by providing attorney fees for prevailing plaintiffs with wage and hour grievances." *United Slate, Tile & Composition Roofers, Damp & Waterproof Workers Ass'n, Local 307 v. G & M Roofing & Sheet Metal Co.*, 732 F.2d 495, 502 (6th Cir. 1984). What constitutes a reasonable fee is within the sound discretion of the district court. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).  In class action suits where attorneys' fees are awarded by the court from a settlement fund, the Supreme Court has indicated that computing fees as a percentage of the fund recovered is appropriate.  *Blum v. Stenson*, 465 U.S. 886, 900 n.16 (1974).

Within the Fifth Circuit, customer contingency fees for class funds have ranged from 33.33% to 50%. *See In re Bayou Sorrell Class Action,* No. 6:04-cv-1101, 2006 WL 3230771(W.D. La. Oct. 31, 2006) (Haik, C.J.) (awarding, in a percentage/*Johnson* analysis, attorney fees of 36%). In FLSA cases such as the one now before the Court, the "customary contingency" in the Fifth Circuit is within a range of 35% to 40%.[1]  *See Vela v. City of Houston,* 276 F.3d 659, 681 (Fifth Cir. 2001).

---

[1]      Other types of actions may involve concerns not present in an FLSA matter such as this.  For example, Rule 23 class actions have unique procedural rules not applicable to an FLSA case, and notably bind nonparticipating class member, while an FLSA action requires an

In evaluating a contingency fee award, the Court may look at the factors set forth in *Johnson v. Georgia Hwy. Exp., Inc.* 488 F.2d 714, 717-20 (5ᵗʰ Cir. 1974). The *Johnson* factors include (1) the time and labor required; (2) the novelty and difficulty of the questions posed; (3) the skill requisite to perform the legal service property; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; and (10) awards in similar cases.

"The most critical factor in determining an attorney's fee award is the 'degree of success obtained.'" *Saizan v. Delta Concrete Prod. Co.*, 448 F.3d 795, 799 (5th Cir. 2006). Here, the Plaintiff and Class Members have achieved through settlement significant results along the spectrum of possible outcomes if their claims continued in litigation, without any burden of participating in written and deposition discovery. Awarding Plaintiff's counsel the requested attorneys' fee amount is appropriate in light of Plaintiff's counsel's diligent effort in reaching a favorable settlement for the Plaintiff and Class Members.

In addition, Plaintiff's counsel took this case on a contingency basis and have a legal services agreement that expressly provides for payment of attorneys' fees to counsel as 40% of any settlement. The fees requested here are consistent with that legal services agreement. Because of this contingency fee arrangement, Plaintiff's counsel have not received any payment for their time spent investigating and researching the viability of claims asserted in the case, performing potential damages analyses, or negotiating a settlement over approximately two years. Plaintiff's

---

affirmative decision by putative class member to opt in. Likewise, this case does not invoke the unique concerns involved in a maritime injury, where the court must be mindful of its role in protecting a ward of admiralty.

counsel alone undertook the financial risk of potentially unsuccessful litigation. This all weighs in favor of the reasonableness of the requested attorneys' fees.

The time and labor required on this case justifies the fees sought. Plaintiff's counsel spent numerous hours interviewing each opt-in claimant regarding hours worked, pay received, dates of employment, and other facts related to the Defendants' use of the tip credit. Plaintiff's counsel also spent numerous hours reconciling pay and time records with information provided by the opt-ins themselves. Thirdly, Plaintiff's counsel thoroughly researched legal issues surrounding tip pooling. Finally, Plaintiff's counsel spent numerous hours preparing several different damage models in an attempt to quantify the possible damages in this case. Because this case had significant off-the-clock issues, attempting to verify and quantify those hours took significant attorney time.

Defendants do not oppose the attorneys' fees and costs request. For all the reasons stated herein, this Court should approve the requested attorneys' fees and costs as reasonable.


D.      **The Court Should Approve Modest Service Payments to Plaintiff.**

In addition, for his contributions to the prosecution and resolution of the lawsuit and in consideration for executing general releases of all potential claims arising out of his employment with Defendants, the Settlement Agreement provides that Plaintiff will receive a modest ervice payment in addition to his settlement share. Service awards to class representatives are permissible where they are fair and reasonable. *See In re Heartland Payment Sys.*, 851 F. Supp. 2d 1040, 1089 (S.D. Tex. 2012) (stating that courts often permit payment to class representatives above the amounts received by class members). Courts have awarded incentive payments to class representatives to compensate them for activities including participation in the settlement process. *See*, *e.g.*, *Purdie v. Ace Cash Express, Inc.*, No. 3:01-cv-1754-L, 2003 WL 22976611, at *7 (N.D.

Tex. Dec. 11, 2003) (approving incentive payments as compensation to lead plaintiffs for responding to discovery and evaluating settlement proposals among other things).

Plaintiff initiated the lawsuit, reviewed and approved the Complaint, conferred and corresponded with counsel, and participated in the evaluation of various litigation and settlement strategies. He provided valuable information relating to the claims in this case, and the litigation conferred a substantial benefit on all Class Members as a result of their efforts. Plaintiff also participated in day long mediation. Perhaps most important, Plaintiff served as a valuable asset in locating opt-in claimants whose address or phone numbers changed after becoming an opt-in claimant. Plaintiff worked as a liaison between the attorneys and opt-in claimants on numerous occasions. A service payment not only recognizes the time and effort and risks taken by Plaintiff, but also advances public policy by encouraging other individuals to come forward and protect the rights of others in collective actions such as this one. Due to his efforts and assistance in bringing and favorably settling this matter, the Court should award Plaintiff the modest service payment requested.

Defendant does not oppose the service payment request. For all the reasons stated herein, the Court should award Plaintiff the requested service payment.

## IV. CONCLUSION

For all of the foregoing reasons, the Parties respectfully request that the Court grant this Motion, approve the proposed FLSA settlement, and issue an Order in the form of the Proposed Order Approving Settlement, attached hereto.

Respectfully submitted, April 13, 2021.

*/s/ Charles L. Scalise*
Charles L. Scalise
Texas Bar No. 24064621
Daniel B. Ross
Texas Bar. No. 789810
charles@rosslawpc.com
ROSS • SCALISE LAW GROUP
1104 San Antonio Street
Austin, Texas 78701
(512) 474-7677 - Telephone
(512) 474-5306 - Facsimile
ATTORNEYS FOR PLAINTIFF

*/s/ Christopher C. Wike*
Christopher C. Wike
Texas Bar No. 24042155
chris.wike@legalstrategy.com
HAJJAR PETERS LLP
3144 Bee Caves Road
Austin, Texas 78746
(512) 637-4956 Telephone
(512) 637-4958 Facsimile

ATTORNEY FOR DEFENDANTS  TWIN
BAR MANAGEMENT CORPORATION,
JOHN MCIVER, AND MIKE MCIVER

*/s/ Julie A. Springer*
Julie A. Springer
Texas Bar No. 18966770
WEISBART SPRINGER HAYES LLP
212 Lavaca Street, Suite 200
Austin, Texas 78701
(512) 652-5780 Telephone
(512) 682-2074 (Facsimile)
 jspringer@wshllp.com
Matt C. Wood
Texas Bar No. 24066306
mwood@wshllp.com

COUNSEL FOR DEFENDANTS 325
THIRNICBAR LLC, 406 BARMOOSE LLC,
407 BAR, INC., AND 411 FIRST FLOOR,
INC.

*/s/ Jeffrey S. Taylor*
Jeffrey S. Taylor
Texas Bar No. 24042011
jeff@taylorthuss.com
Pierce P. MacGuire
Texas Bar No. 24106236
TAYLOR THUSS, PLLC
919 Congress Ave., Suite 900
Austin, Texas 78701
(512) 368-9186 Telephone
(512) 368-9014 Facsimile

COUNSEL FOR DEFENDANT
DAVID DESILVA